982 F.2d 525
 NOTICE: Eighth Circuit Rule 28A(k) governs citation of unpublished opinions and provides that they are not precedent and generally should not be cited unless relevant to establishing the doctrines of res judicata, collateral estoppel, the law of the case, or if the opinion has persuasive value on a material issue and no published opinion would serve as well.
James E. BOWMAN, Appellant,
v.
Robert ACREE, Appellee.
 No. 92-1892.
 United States Court of Appeals,
Eighth Circuit.
 Submitted: December 8, 1992.
Filed: December 15, 1992.
 
 Before JOHN R. GIBSON, BEAM, and MORRIS SHEPPARD ARNOLD, Circuit Judges.
 PER CURIAM.
 
 
 1
 James W. Bowman, a Missouri inmate, appeals from the district court's[1] grant of summary judgment in favor of defendant in this 42 U.S.C. § 1983 action.
 
 
 2
 In July 1990, Bowman tested positive to the tuberculin skin test, P.P.D., indicating he had been infected with the tuberculosis bacteria. He was prescribed the drug INH twice per week for six months. Bowman was ordered to sign a "preventative tuberculosis medication agreement" informing him, in part, that if he refused to sign the form and participate in the treatment program, he would receive a conduct violation for disobeying a direct order and would be placed in segregation. Bowman took the medication as prescribed, but refused to sign the form. Acree ordered Bowman placed in segregation, and Bowman remained in segregation throughout the six-month course of treatment.
 
 
 3
 Bowman sued Robert Acree, superintendent at MSP, claiming that placing him in segregation for refusing to sign the form violated Mo. Rev. Stat. § 217.420,[2] his right to be free from cruel and unusual punishment, and his substantive due process rights.
 
 
 4
 Summary judgment is proper when there is no genuine issue of material fact and the moving party is entitled to judgment as a matter of law. Fed. R. Civ. P. 56(c). Bowman concedes that the facts are not in dispute. Although we question the logic of punishing Bowman when he was taking the medication as prescribed, we conclude that Bowman's constitutional rights were not violated and Acree is entitled to judgment as a matter of law. First, the cited Missouri statute does not apply: Bowman did not receive major surgery or a general anesthetic, and did not assert that the recommended medical care was contrary to his religious tenets and beliefs. Second, nothing in the record indicates that Acree was in any way involved in Bowman's medical treatment or could possibly have been deliberately indifferent to Bowman's medical needs. Third, assuming Bowman retained a substantive due process right to refuse treatment and to be informed of the proposed treatment, his right in this case was limited by the State's interest in preventing the spread of tuberculosis.
 
 
 5
 Accordingly, we affirm.
 
 
 
 [1]
 The Honorable Scott O. Wright, Senior United States District Court Judge for the Western District of Missouri
 
 
 [2]
 Section 217.420 requires the prison to obtain the inmate's written consent or a court order before performing non-emergency major surgery, administering a general anesthetic, or providing recommended medical care to the inmate that is contrary to the inmate's religious tenets and beliefs